**E-FILED**
Wednesday, 23 March, 2005  04:43:43 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 05- 3018-M |
| | ) | |
| CORDELL JAMES, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

The United States of America, by its attorneys, Jan Paul Miller, United

States Attorney for the Central District of Illinois, and Assistant United States

Attorney David E. Risley, gives notice of the filing of the accompanying proposed

detention order on March 23, 2005.

Respectfully submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY


s/ David E. Risley
David E. Risley
Assistant United States Attorney
318 South Sixth Street
Springfield, IL  62701
Telephone:  (217) 492-4450
Fax: (217) 492-4512
david.risley@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 05- 3018-M |
| | ) | |
| CORDELL JAMES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held in this case on March 21, 2005. The following facts require the detention of the defendant, Cordell James, pending trial.

## I.  Findings of Fact

1.      There is probable cause to believe the defendant committed the offense of conspiracy to distribute at least 50 grams of cocaine base ("crack") as charged in the complaint. Pursuant to 21 U.S.C. § 841(b)(1)(A), that offense is normally punishable by a mandatory minimum sentence of 10 years, and up to a maximum of life imprisonment, but, in view of the defendant's two prior felony drug convictions, is punishable in his case by a mandatory life sentence.

2.      The above finding gives rise to a rebuttable presumption under 18 U.S.C. § 3142(e) that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community.  The defendant has rebutted that presumption by coming forward with some evidence that he will not flee or endanger the community if released. However, while the presumption is rebutted, it is not erased.  "Instead it remains in the case as an evidentiary finding militating against release, to be weighted along with other evidence relevant to factors listed in [18 U.S.C.] § 3142(g)."  United States v. Portes, 786 F.2d 758, 764 (7th Cir. 1985).

3.      A preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required.

4.      Clear and convincing evidence establishes that no condition or combination of conditions of release will reasonably assure the safety of the community.

## II.  Reasons for Detention

Based upon the credible evidence and information submitted at the detention hearing, the Court finds:

1.      The defendant is charged with a serious drug offense.

- 3 -

2.    The weight of the evidence against the defendant appears to be strong, possibly overwhelming.

3.    The defendant has a history of criminality, including multiple violations of probation and probationary-type sentences, and two prior felony drug convictions.

4.    In view of his criminal history and the amount and type of drug involved in the charges offense, if convicted the defendant faces a mandatory life sentence.

5.    The weight of the evidence combined with the prospect of a mandatory life sentence give the defendant an exceptionally strong motive to flee if released.

6.    The Probation Office recommends detention, and the Court agrees with both its reasons and conclusions as stated in the Pretrial Services Report.

7.    The Court has considered all of the factors listed in 18 U.S.C. § 3142(g) and all of the evidence and information presented by the parties and in the Pretrial Services Report relating to those factors.  After weighing those factors and the available evidence, the Court concludes the government's motion for detention should be allowed.

IT IS THEREFORE ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ENTER: _____, 2005.

FOR THE COURT:

_____
BYRON G. CUDMORE
United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>March 23, 2005</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Douglas J. Beevers
      Attorney for Cordell James

                <u>/s David E. Risley</u>
                David E. Risley
                Assistant United States Attorney
                318 South Sixth Street
                Springfield, IL 62701
                (217) 492-4450
                Fax: (217) 492-4512
                david.risley@usdoj.gov